IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**T.K. PARTHASARATHY, EDMUND WOODBURY,
STUART ALLEN SMITH, and SHARON SMITH,
individually and on behalf of all others
similarly situated,**

**Plaintiffs,**

vs.

**T. ROWE PRICE INTERNATIONAL FUNDS, INC.,
a corporation, T. ROWE PRICE INTERNATIONAL, INC.,
ARTISAN FUNDS, INC., a corporation,
ARTISAN PARTNERS LIMITED PARTNERSHIP,
AIM INTERNATIONAL FUNDS, INC., a corporation,
and AIM ADVISORS, INC.,**

**Defendants.**                                                           No. 03-CV-00673-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Plaintiffs' **RULE 59(e)** Motion to Alter or Amend Judgment **(Doc. 90)**. Plaintiffs ask the Court to enter an order altering and amending the Court's May 27, 2005 Memorandum and Order to reflect that dismissal and judgment are entered exclusively to those defendants that appealed the Court's January 30, 2004 remand order.

The Court declines Plaintiffs' invitation. Neither the Mandate nor the Seventh Circuit's decision distinguished between Plaintiffs' state law claims against the appealing Defendants and non-appealing Defendants. Rather, the Seventh Circuit directed this Court to undo the remand orders and dismiss Plaintiffs' state-law

claims after finding that Plaintiffs were blocked by the Securities Litigation Uniform Standards Act of 1998 from pursing their claims in state court. The Court believes it faithfully carried out the Seventh Circuit's directive by undoing the remand order and dismissing Plaintiffs' state law claims against all named Defendants.

Moreover, while ordinarily a non-appealing party cannot gain benefit from a successful appellate decision, there is support for Defendants' position that a non-appealing party may benefit from an appellate decision when, as in this case, reversal "wipes out all basis for recovery against the non-appealing, as well as against the appealing defendant." ***Daniels v. Gilbreath,* 668 F.2d 477, 480 (10th Cir. 1982)(citations omitted)**; ***Cf. Young Radiator Co. v. Ceolotex Corp.,* 881 F.2d 1408, 1417 (7th Cir. 1989)(distinguishing the case from the situation where reversal negated all grounds for recovery against a non-appealing as well as an appealing defendant)(dictum)**.

In short, the Court **DENIES** Plaintiffs' **RULE 59(e)** Motion to Alter or Amend Judgment **(Doc. 90)**. If Plaintiffs believe the Court's decision was not in conformity with the Seventh Circuit's mandate, they may seek clarification from the Seventh Circuit.

**IT IS SO ORDERED.**

Signed this 7th day of July, 2005.

/s/     David RHerndon
**United States District Judge**