IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**T.K. PARTHASARATHY, EDMUND WOODBURY,**
**STUART ALLEN SMITH, and SHARON SMITH,**
individually and on behalf of all others
similarly situated,

**Plaintiffs,**

vs.                                                                                  No. 03-CV-00673-DRH

**T. ROWE PRICE INTERNATIONAL FUNDS, INC.,**
a corporation, **T. ROWE PRICE INTERNATIONAL,**
**INC., ARTISAN FUNDS, INC.,** a corporation,
**ARTISAN PARTNERS LIMITED PARTNERSHIP,**
**AIM INTERNATIONAL FUNDS, INC.,** a corporation,
and **AIM ADVISORS, INC.,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is Plaintiffs' Motion Pursuant to Federal Rule of Appellate Procedure 4(a)(5) For Leave to File Notice of Appeal Instanter. (Doc. 95.) Judgment denying Plaintiffs' Motion to Alter Judgment was entered by the Court on July 8, 2005.[1] (Doc. 94.) Plaintiffs filed the instant motion on August 10, 2005, praying the Court grant an extension of time to file their notice of appeal, pursuant to **Federal Rule of Appellate Procedure 4(a)(5)**, because the actual deadline for filing such Notice was August 8, 2005.

---

[1] Previously, on May 27, 2005, the Court had entered its Order (Doc. 88) vacating the January 30, 2004 remand Order (Doc. 71) and dismissed with prejudice Plaintiffs' state law claims in accord with the Seventh Circuit's mandate. Further, the Court struck Plaintiffs' amended complaint (Doc. 84) and denied as moot Plaintiffs' motion for leave to amend the complaint (Doc. 85).

**FEDERAL RULES OF APPELLATE PROCEDURE 4(a)(1)(A)** requires that the notice of appeal in a civil case be filed with the clerk of the district court within thirty (30) days after entry of judgment or order being challenged. As stated above, Plaintiffs failed to file a notice of appeal within the 30-day window after the Court's entry of judgment on July 8, 2005.

However, **FEDERAL RULES OF APPELLATE PROCEDURE 4(a)(5)** permits, upon motion, the district court to extend time to file a notice of appeal *if* the party moves for the extension of time no later than thirty (30) days *after* the original 30-day appeal period expires, *and* the party shows excusable neglect or good cause.

In this case, representative counsel for Plaintiffs, Robert King, filed the instant motion two days after the original 30-day appeal period expired, therefore Plaintiffs' motion is timely. Yet, Plaintiffs must still show that their reason for missing the deadline for filing their notice of appeal was due to either excusable neglect or good cause.

A court is given broad deference in determining circumstances constituting "excusable neglect," which can include instances of attorney negligence. ***Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 357 and 361 (7th Cir. 1997) (discussing the effect of whether attorney negligence could be considered excusable neglect after the decision in *Pioneer Inv. Serv. Co. V. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)).** If tardiness in filing is caused by excusable neglect, the Court must then determine whether granting the extension of time will work considerable prejudice on the non-moving parties and also whether it is in the best interests of judicial efficiency. ***See U.S. v. Brown*, 133 F.3d 993,**

**996-97 (7th Cir. 1998)**.

Mr. King explains that his oversight for missing the deadline to file a notice of appeal in this case was due to excusable neglect. The Court agrees, finding that the emergency medical situation involving Mr. King's wife constituted reasonable exigent circumstances to excuse the fact that he missed the filing deadline. Moreover, Defendants have not argued how they will be prejudiced should the Court grant Plaintiffs' motion. Lastly, the Court does not feel that granting Plaintiff's motion would go against the interests of judicial efficiency, given that Mr. King filed this motion only two days after the deadline to appeal the judgment.

Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion Pursuant to Federal Rule of Appellate Procedure 4(a)(5) For Leave to File Notice of Appeal Instanter, and extends the time period for Plaintiffs to file their notice of appeal in this case up and until **Friday, September 2, 2005.**

**IT IS SO ORDERED.**

Signed this 25th day of August, 2005.

                                                   /s/    David RHerndon
                                              **United States District Judge**